UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BRENT LEACH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 4:23-CV-28 |
| | ) |
| HEART OF CARDON, LLC., | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Brent Leach ("Leach"), brings claims against Defendant, Heart of Cardon, LLC ("Defendant"), and states as follows:

## OVERVIEW

1. This is an employment discrimination action (disability) brought by Leach against Defendant alleging that he was discriminated against in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 et. seq.

## PARTIES

2. Leach is an individual who, at all relevant times, lived in Louisville, Kentucky.

3. Defendant runs a health care facility in Floyd County, Indiana.

4. Leach, at all relevant times, was an 'employee' as defined by 42 U.S.C. §12111(4). Moreover, Leach is disabled as that term is defined by the ADA.

5. Defendant is an 'employer' as that term is defined by 42 U.S.C. §12111(5)(A).

1

## JURISDICTION

6. This Court has jurisdiction over Defendant pursuant to U.S.C. 28 U.S.C. §1331 and 42: U.S.C. §12117(a).

7. Leach properly exhausted his administrative remedies by timely filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on disability. A dismissal and notice of suit rights was issued, and Leach bring this complaint within 90 days of receipt thereof.

## VENUE

8. Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391 as all the events arose in the Southern District of Indiana.

## FACTS

9. Leach was hired by Defendant in or around November 2011 as a CNA.

10. At the time Leach submitted new hire paperwork, he identified himself as being disabled. This information was provided to Defendant at his orientation.

11. Leach met or exceeded Defendant's expectations for his performance.

12. Leach worked at Defendant's Lincoln Hill's Facility. The Director of Nursing was Elizabeth Hawkins and the Administrator was Kimberly Povinelli.

13. Generally, Leach was not assigned to work with residents/patients who had contracted COVID-19.

14. Leach has an auto-immune deficiency condition that puts him at high risk of death or injury if he were to contract COVID-19.

15. Defendant purportedly has a policy that affords employees the ability to get a medical exemption for caring for COVID-19 patients.

16. Leach went in to work on December 30, 2021, and discovered he was assigned to work with patients who had contracted COVID-19. Leach advised that doing so would compromise his health. When Defendant would not reschedule him to a different wing, Leach had no choice but to leave.

17. Leach had a conversation with Hawkins. Leach disclosed he had an auto-immune deficiency condition and could not work with patients with COVID-19. Hawkins suggested that he was discriminating against patients, using as an example a patient who had AIDs.

18. On December 31, 2021, Leach had a second phone call. In addition to Hawkins and others, Povenelli was on the phone. As the conversation ended, Povenelli told Leach that his services were no longer needed.

19. Notwithstanding Povenelli's remark, Defendant continues to maintain that Leach simply did not return to work and that he was treated as having resigned, that he was a 'no call, no show.'

20. Despite Leach advising various employees that he had a condition that prevented him from working with patients who tested positive for COVID-19, Defendant never engaged in the interactive process or otherwise attempted to provide a reasonable accommodation. He was also never given Defendant's ADA accommodation packet.

21. Leach suffered financial harm as a result of Defendant's conduct.

## LEGAL COUNT

### COUNT 1: DISABILITY DISCRIMINATION

22. Leach incorporates paragraphs 1 – 21 herein.

23. Leach is a qualified individual with a disability and/or has a record of being disabled.

24. Defendant failed to engage in the interactive process or afford Leach a reasonable accommodation.

25. Leach was harmed by Defendant's unlawful willful and/or reckless conduct. Defendant violated the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in his favor and award him the following relief:

a. An Order awarding Plaintiff lost income and other damages, including compensatory damages, as provided for by federal law;

b. An Order awarding Plaintiff punitive damages as provided for by federal law;

c. An Order awarding Plaintiff the costs of this action;

d. An Order awarding Plaintiff his attorney's fees;

e. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

    Respectfully submitted,

    /s/ Christopher S. Wolcott
    Christopher S. Wolcott (#23259-32)
    The Wolcott Law Firm LLC
    450 East 96th Street, Ste 500
    Indianapolis, IN  46240
    Tel: (317) 500-0700
    Fax: (317) 732-1196
    E-Mail:   indy2buck@hotmail.com

    Attorney for Plaintiff